# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER TIMOTHY WEBSTER,** | ) | **Civil Action No. 7:16-cv-00487** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **BOBBY RUSSELL, <u>et al.</u>,** | ) | **By:    Hon. Robert S. Ballou** |
| **Defendants.** | ) | **United States Magistrate Judge** |

Christopher Timothy Webster, a Virginia inmate proceeding <u>pro se</u>, commenced a civil rights action pursuant to 42 U.S.C. § 1983, naming three defendants associated with the Western Virginia Regional Jail ("Jail"): Superintendent Bobby Russell, Lieutenant Colonel Cox, and Major Amanda Trent. Plaintiff alleges that defendants were deliberately indifferent to dangerous conditions of confinement. Defendants filed a motion to dismiss, to which Plaintiff responded. For the following reasons, I deny the motion to dismiss and direct Defendants to file a motion for summary judgment.[1]

### I.

Plaintiff alleges the following facts in his verified complaint:

> I was made to use a toxic paint (Rustoleum spray-in bedliner) inside of a 12x12 guard booth with no ventilation and no respirator. I was exposed to it for 3 ½ hours, causing me to vomit blood and have uncontrolled muscle spasms with on-going non-stop migraine headaches ever since. The guards in the booth at the time also got sick and it prompted them to read the label on the paint can which stated very clearly that it was toxic, was to only be used outdoors or in a well ventilated area with outside access . . . and was not to be used w/out a respirator . . . [or] be exposed to it for longer than 30 minutes. I asked the C.O.s 5 times for respiratory protection, and they even told the Sgt. and Lt. on duty about my request, who ignored it completely. I also told them I was getting progressively sicker over a 3 hour period which was ignored until the C.O.s themselves got sick at which time they made us stop. I couldn't breathe well and my body was trembling badly. Plus, I had turned white with red splotches, so I asked for medical attention, which was ignored until I started spitting and vomiting blood, at which time a C.O. became worried and took me to medical

---

[1] The parties have consented to the disposition of this matter in accordance with 28 U.S.C. § 636(c)(1).

> where I was given Tylenol and told to take the rest of the night off, and that was all that was done even though I had an eighth of a trash bag filled with blood and vomit.

Allegedly, Major Trent approved the job and was disappointed that Plaintiff complained about the job and its physical effects because "she was the one getting in trouble." Major Trent allegedly told Plaintiff that she told staff to offer Plaintiff gloves and respirator masks for the job. Liberally construed, Plaintiff also allegedly experienced retaliation for complaining about these events because staff wanted to take away the clothes that fitted him and give him clothes that did not fit. Plaintiff is no longer incarcerated at the Jail and has been diagnosed with chemical pneumonitis as a consequence of the job.

## II.

Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the "legal sufficiency of a complaint" under Rule 8(a), which requires a complaint to "contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The court must construe pro se pleadings liberally, Erickson, 551 U.S. at 94, and must also accept a pro se plaintiff's nonconclusory factual allegations as true at the motion to dismiss stage. See Twombly, 550 U.S. at 572; Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) (when ruling on 12(b)(6) claim, the court assumes "all well-pleaded, nonconclusory factual allegations in the complaint to be true").

Defendants first argue that Plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). In support, Defendants cite Plaintiff's verified statement in which he states he did not file administrative remedies because he feared retaliation. Dismissal pursuant to 42 U.S.C. § 1997e(a) is an affirmative defense for which Defendants bear the burden of production and persuasion. See, e.g., Jones v. Bock, 549 U.S. 199, 216-217 (2007). Defendants

do not offer evidence that an administrative remedy program existed at the Jail or that Plaintiff was required to pursue administrative remedies about the relevant events.  Plaintiff is not required to plead exhaustion in support of the complaint, and the assertions in the verified statement do not prove that an administrative remedy policy existed or applies to the relevant events.  See, e.g., id. at 215-16; Anderson v. XYZ Corr. Health Servs., 407 F.3d 674, 677 (4th Cir. 2005).  Accordingly, Defendant's motion to dismiss must be denied in this regard.

Defendants next argue that the complaint fails to state a claim upon which relief may be granted because "as soon as the [non-defendant] guards were made aware of the potential for serious illness or injury, . . . they sought and secured medical attention for the Plaintiff."  Defendants further argue that "the guards were with the Plaintiff and subjected to similar conditions (and suffered from them as well) and upon realizing the adverse effects of the situation immediately sought to remedy the situation and the potential effects."  However, the motion to dismiss does not challenge the alleged liability of any of the current defendants.  It does not address the liability for any act or omission by Superintendent Russell, Lieutenant Colonel Cox, or Major Trent.  The liability of the non-defendant guards is not presently an issue.  Accordingly, this argument is not persuasive that the complaint fails to state a claim against the defendants.

### III.

I deny the motion to dismiss.  In accordance with Standing Order 2013-6, defendants shall file a motion for summary judgment supported by affidavit(s) within thirty days.

Enter:  September 26, 2017

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge