**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER TIMOTHY WEBSTER,** ) | Civil Action No. 7:16-cv-00487 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **BOBBY RUSSELL, et al.,** ) | By: | Hon. Robert S. Ballou |
| Defendants. ) | | United States Magistrate Judge |

Christopher Timothy Webster, a Virginia inmate proceeding pro se, commenced a civil rights action pursuant to 42 U.S.C. § 1983, naming three staff associated with the Western Virginia Regional Jail ("Jail") as defendants: Superintendent Bobby Russell, Lieutenant Colonel Cox, and Major Amanda Trent. Plaintiff alleges that defendants were deliberately indifferent to dangerous conditions of confinement. After the denial of their motion to dismiss, defendants filed a motion for summary judgment, to which Plaintiff responded. For the following reasons, I grant defendants' motion for summary judgment.[1]

**I.**

Plaintiff alleges the following facts in his verified complaint:

> I was made to use a toxic paint (Rustoleum spray-in bedliner) inside of a 12x12 guard booth with no ventilation and no respirator. I was exposed to it for 3 ½ hours, causing me to vomit blood and have uncontrolled muscle spasms with on-going non-stop migraine headaches ever since. The guards in the booth at the time also got sick and it prompted them to read the label on the paint can which stated very clearly that it was toxic, was to only be used outdoors or in a well ventilated area with outside access . . . and was not to be used w/out a respirator . . . [or] be exposed to it for longer than 30 minutes. I asked the C.O.s 5 times for respiratory protection, and they even told the Sgt and Lt on duty about my request, who ignored it completely. I also told them I was getting progressively sicker over a 3 hour period which was ignored until the C.O.s themselves got sick at which time they made us stop. I couldn't breathe well and my body was trembling badly. Plus, I had turned white with red splotches, so I asked for medical attention, which was ignored until I started spitting and vomiting blood, at which time a C.O. became worried and took me to medical

---

[1] The parties have consented to the disposition of this matter in accordance with 28 U.S.C. § 636(c)(1).

where I was given Tylenol and told to take the rest of the night off, and that was all that was done even though I had an eighth of a trash bag filled with blood and vomit.

Allegedly, Major Trent had approved the job and was disappointed that Plaintiff complained about the job and its physical effects because "she was the one getting in trouble." Major Trent allegedly told Plaintiff that she had told staff to offer Plaintiff gloves and respirator masks for the job. Liberally construed, Plaintiff also allegedly experienced retaliation for complaining about these events because staff wanted to replace clothes that fit with clothes that did not. Plaintiff is now an inmate in the Virginia Department of Corrections. He has been diagnosed with chemical pneumonitis as a consequence of the job.

## II.

Defendants filed a motion for summary judgment. A party is entitled to summary judgment if the pleadings, the disclosed materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing admissible evidence and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial.[2] Id. at 322-24. A party is entitled to summary judgment if the admissible evidence as a whole could not lead a rational trier of fact

---

[2] Plaintiff's response to the motion for summary judgment consists of an unverified memorandum. Cf. 28 U.S.C. § 1736.

to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A plaintiff cannot use a response to a motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

### III.

Defendants first argue that Plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). After reviewing the record, I find that defendants sufficiently establish that that Plaintiff failed to exhaust available remedies.

The exhaustion requirement of 42 U.S.C. § 1997e(a) is mandatory and "applies to all inmate suits about prison life[.]" Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). When a prison provides an administrative grievance procedure, the inmate must file a grievance raising a particular claim and pursue it through all available levels of appeal to "properly exhaust." Id.; Dixon v. Page, 291 F.3d 485, 490-91 (7th Cir. 2002). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). "[W]hen prison officials prevent inmates from using the administrative process . . ., the process that exists on paper becomes unavailable in reality." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). A defendant has the burden to prove an inmate's failure to exhaust available administrative remedies. Jones v. Bock, 549 U.S. 199, 216 (2007). Once a defendant presents evidence of a failure to exhaust, the burden of proof shifts to the plaintiff to show, by a preponderance of the evidence, that exhaustion occurred or

3

administrative remedies were unavailable through no fault of the plaintiff. See, e.g., Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011).

The Jail's grievance policy required Plaintiff to first submit an Informal Grievance Complaint Form that described the complaint and requested a grievance form. Plaintiff affirms that he "has not filled out any grievances in this matter" but only because of "fear of retribution from jail staff/administration as [he] ha[d] already been treated maliciously on several occasions since the incident occurred."

A conclusory allegation of retaliation is not persuasive. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (noting an inmate must present more than conclusory allegations of retaliation and that inmates' claims of retaliation are generally regarded with skepticism because every act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct). Plaintiff's allegation of a speculative fear neither demonstrates that remedies were unavailable to him nor excuses his failure to comply with the exhaustion policy. See, e.g., Waddell v. Pulley, No. DKC-15-3286, 2017 U.S. Dist. LEXIS 18954, at *19, 2017 WL 550033, at *7 (D. Md. Feb. 10, 2017) (collecting cases holding that a general fear of retaliation is not sufficient to establish that remedies were unavailable); cf. Ross, 136 S. Ct. at 1856 (recognizing a court may not excuse a failure to exhaust available remedies, even to take into account "special circumstances"). Moreover, Plaintiff cannot avoid summary judgment by asserting he was ignorant of the exhaustion process or the exhaustion requirement. See, e.g., Adams v. Southwest Va. Reg'l Jail, No. 7:12cv462, 2014 U.S. Dist. LEXIS 106195, at *8, 2014 WL 3828392, at *3 (W.D. Va. Aug. 4, 2014) (collecting cases). "By the plain language of the statute, exhaustion of administrative remedies is a precondition to the filing of a prisoner's civil rights action." Wells v. Cain, 2008 U.S. Dist. LEXIS 12589, at *7, 2008 WL 474125, at *2

(W.D. Va. Feb. 20, 2008). Accordingly, Plaintiff fails to establish that remedies were not available, and defendants are entitled to summary judgment due to his failure to exhaust.

**III.**

For the foregoing reasons, I grant defendants' motion for summary judgment.

                          Enter: September 19, 2018

                          */s/ Robert S. Ballou*

                          Robert S. Ballou
                          United States Magistrate Judge